```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LOUIS E. THYROFF,                                   00-CV-6481T

                    Plaintiff,

            v.                                      DECISION
                                                    and ORDER
NATIONWIDE MUTUAL INSURANCE
COMPANY, NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY, NATIONWIDE LIFE
INSURANCE COMPANY, NATIONWIDE
GENERAL INSURANCE COMPANY, NATIONWIDE
PROPERTY AND CASUALTY INSURANCE COMPANY,
NATIONWIDE VARIABLE LIFE INSURANCE
COMPANY and COLONIAL INSURANCE COMPANY
OF WISCONSIN,
                    Defendants.
_____
```

**INTRODUCTION**

Plaintiff Louis E. Thyroff ("plaintiff"), a former Nationwide insurance agent, alleges two causes of action against defendants Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Life Insurance Company, Nationwide General Insurance Company, Nationwide Property and Casualty Insurance Company, Nationwide Variable Life Insurance Company and Colonial Insurance Company of Wisconsin (collectively "defendants" or "Nationwide"), specifically that they breached the terms of an "Agent's Agreement" executed by the parties in 1989 by: (1) preventing plaintiff from accessing certain policyholder information which was stored in a computer program owned by

defendants and leased to plaintiff (the "AOA Claim"); and (2) withholding from him certain deferred compensation (the "ASCP Claim"). On October 26, 2004, this Court granted summary judgement in favor of plaintiff on the ASCP Claim and in favor of defendants on the AOA Claim. Plaintiff now requests that the Court reconsider its decision to grant summary judgment in defendants' favor on the AOA Claim. Plaintiff also requests a jury trial on the issue of consequential damages relative to the ASCP Claim. For the reasons set forth below, plaintiff's motion for reconsideration of the October 26, 2004 Decision and Order is denied, and plaintiff's motion for a jury trial on the issue of compensatory damages is also denied. However, defendants are directed to return to plaintiff any personal data (not to include COPS business information) stored on Nationwide's computer system at the time plaintiff's employment was terminated.

## BACKGROUND

On April 3, 1989, plaintiff (an insurance agent) and defendants (insurance companies) entered into a business relationship by executing an "Agent's Agreement", effective October 13, 1988. See "Agent's Agreement", Defendants' Appendix to Local Rule 56.1 Statement of Material Facts and Response, Ex. 1 (Doc. No. 93). By the terms of this contract, plaintiff was considered an independent contractor who sold insurance policies on behalf of

defendants. Plaintiff's business was located at 2024 West Henrietta Road, Suite 3-A, Rochester, NY 14623.

The Agent's Agreement contains two provisions germane to the present controversy. First, ¶ 1 provides that any manuals, forms, records and other materials and supplies necessary to conduct an insurance business would be supplied to plaintiff by defendants. Upon termination of the agreement, plaintiff was required to return any such property furnished by defendants as it would remain property of defendants. In addition, although not specifically addressed in the Agent's Agreement, defendants required plaintiff to lease certain computer equipment to be used in his insurance business. This arrangement was governed by the "Agency Office Automation Lease Agreement" ("AOA Agreement"), executed by the parties on January 22, 1990. See "Agency Office Automation Lease Agreement", Defendants' Appendix to Local Rule 56.1 Statement of Material Facts and Response, Ex. 2 (Doc. No. 93). The equipment included, among other things, one Network Server Unit and six Client Work Station Units.

Second, ¶ 11f(1) provides that each agent is entitled to certain "Agency Security Compensation" payments ("ASCP") upon termination of the Agent's Agreement. The amount of this payment is calculated pursuant to a specific formula set forth in ¶ 11, and is unavailable where, inter alia, the agent engages in, or is "connected with" the sale of fire, casualty, health or life

insurance, within a twenty-five mile radius of the agent's business location within one year following the cancellation of the Agent's Agreement.

On September 19, 2000, Nationwide informed plaintiff at a meeting in Syracuse that they were terminating their business relationship.  At the same time, defendants froze plaintiff's computer files, thereby preventing him from obtaining policyholder information from the Nationwide database.

On July 8, 2004, this Court heard argument on the parties' competing motions for summary judgment.  Thereafter, on October 26, 2004, I issued a decision in which I found that plaintiff was entitled to summary judgment on the ACSP Claim and defendants were entitled to summary judgment on the AOA Claim.  See Decision and Order dated October 26, 2004 (Doc. No. 117).  Plaintiff now requests that the Court reconsider the portion of that Decision and Order in which summary judgment was granted in defendants' favor on the AOA Claim.  Plaintiff also requests a jury trial on the issue of consequential damages related to the ASCP Claim.

**DISCUSSION**

I.   Plaintiff's Motion for Reconsideration

"Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."   In re Health Management Systems, Inc.

Securities Litigation, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000). Generally, a motion for reconsideration may be granted only where the court has "overlooked matters . . . which, had they been considered, might reasonably have altered the result reached by the court." Consolidated Gold Fields, PLC v. Anglo American Corp. of South Africa, Ltd., 713 F.Supp. 1457, 1476 (S.D.N.Y. 1989).

Plaintiff contends that he is entitled to reconsideration of this Court's decision granting summary judgment in favor of defendant on the AOA Claim because: (1) the Court was "misled by Nationwide's mischaracterization" of the nature of the computer system; and (2) there is new evidence which suggests that defendants improperly retained personal information belonging to plaintiff when they froze him out of the computer system upon termination of the Agent's Agreement. However, neither of these arguments warrants reconsideration of the October 26, 2004 Decision and Order.

First, plaintiff's allegation that this Court was somehow "misled" by defendants's previous legal arguments is nothing more than an attempt to re-litigate a settled issue. Plaintiff simply restates his previous arguments, and advances no arguments or citations to case law which were not previously considered by the Court in issuing the October 26, 2006 Decision and Order. A motion for reconsideration is "not a substitute for appeal; nor is it a second bite at the apple for a party dissatisfied with a court's

ruling." In re Initial Public Offerings Securities Litigation v. Credit Suisse First Boston Corp., 2005 WL 1529659, at *1 (S.D.N.Y. June 28, 2005). As such, plaintiff is not entitled to reconsideration of the October 26, 2004 Decision and Order based on defendants' alleged mischaracterization of the nature of the computer system.

Second, plaintiff's claim that newly-discovered evidence reveals that defendants improperly retained "personal" information belonging to plaintiff when he was shut out of the computer system may not be considered on this motion for reconsideration. Plaintiff insists that the customer database concerning the COPS insurance business portion of his client account is personal data and cannot be retained by defendant. This argument is the same as one previously raised, but only utilizing a different nomenclature. However, it is still the same claim which was disposed of by the Court in 2001, and I will not accept plaintiff's invitation to revisit that issue today.

Nonetheless, defendant does not deny that it retained plaintiff's "personal" information when it rescinded plaintiff's clearance to use the computer system upon the termination of the parties' professional relationship. In granting the defendant's motion for summary judgment on the AOA claim, the intended result was to insure the defendant's exclusive control over its policyholder information stored in the computer program - it was

not intended to be so broadly interpreted so as to also include plaintiff's purely personal data stored in the computer. Plaintiff rightfully presumed an expectation of privacy and ownership of his purely personal data - unrelated to the COPS insurance business - since the "Agent's Agreement" executed by the parties in 1989 was intended to prevent the plaintiff from accessing policyholder information stored in the computer program owned by the defendants and leased to the plaintiff, should the relationship be terminated, as it was here on September 19, 2000.

Accordingly, defendant shall return to plaintiff any purely personal information stored on the defendant's computer system at the time his employment was terminated.

## II.  Plaintiff's Damages Claims

Plaintiff also claims that he is entitled to two forms of damages in addition to what he is owed in the form of deferred compensation: (1) damages for losses suffered by his COPS business as a result of defendants' alleged confiscation of the COPS business information which was contained on Nationwide's computer system; and (2) consequential damages for financial hardship he suffered as a result of defendants' refusal to pay him the deferred compensation, including lost life savings and interest on loans taken out to pay for household expenses.

Plaintiff's argument concerning the losses from his COPS

business is flawed for two reasons.  First, this Court long ago dismissed his unique chattels and conversion claims relating to the COPS business, and it was not until all the remaining claims had been adjudicated that plaintiff presented this new approach to an old and previously decided issue.  This Court has previously held in 2001 that defendants are not liable to plaintiff for losses suffered by his COPS business, and as such, he is not entitled to damages for those losses.

Second, this Court granted summary judgment in favor of defendant on the AOA Claim.  Although plaintiff is entitled to a return of his purely personal information, COPS business information does not fall into that category and defendant is under no obligation to return that information to plaintiff.

Plaintiff also claims that he is entitled to consequential damages on the ASCP Claim.  However, plaintiff's ASCP claim, a contract claim brought under New York State Law, seeks money owed under a contract.  "All damages for delay in the payment of money owing upon contract are provided for in the allowance of interest, which is in the nature of damages for withholding money that is due.  The law assumes that interest is the measure of all such damages."  <u>Meinrath v. Singer Company</u>, 422, 426, fn. 7 (D.C.N.Y.1980).  As such, consequential damages are not available to plaintiff, and his motion for a jury trial on that issue is denied.

Plaintiff is entitled only to his Agency Security Compensation Payment. Thus far he has received $525,744.62 and will receive $73,796.11 in November 2005. I hereby find that these payments represent complete satisfaction of plaintiff's claims due him in accordance with this Court's October 26, 2004 Decision and Order.

## **CONCLUSION**

For the reasons set forth above, I find that plaintiff presents no new evidence which would entitle him to reconsideration of this Court's October 26, 2004 Decision and Order. Additionally, I find that plaintiff is entitled damages only in the form of his Agency Security Compensation Payment in the amount specified above. Accordingly, plaintiff's motion for reconsideration of the October 26, 2004 Decision and Order in so far as it awarded summary judgment to defendants on the AOA Claim is denied and plaintiff's motion for a jury trial on the issue of compensatory damages is denied. That notwithstanding, defendants are hereby directed to return to plaintiff any of his personal data (this does not include the COPS business information) which may have been stored on the computer system before plaintiff's employment was terminated. ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         July 7, 2005