UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LOUIS E. THRYOFF,

                         Plaintiff,              00-CV-6481T

         v.                                      **DECISION**
                                                 **and ORDER**

NATIONWIDE MUTUAL INSURANCE COMPANY,
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,
NATIONWIDE LIFE INSURANCE COMPANY,
NATIONWIDE GENERAL INSURANCE COMPANY,
NATIONWIDE PROPERTY AND CASUALTY INSURANCE CO.,
and COLONIAL INSURANCE COMPANY OF WISCONSIN,

                         Defendant.

_____

_____

                         **INTRODUCTION**

        Plaintiff Louis E. Thyroff ("Thyroff") brings this action

against the above-named defendants (collectively "Nationwide" or

defendant) alleging violations of federal and New York state law

arising from the defendant's cancellation of his agency agreement

and the alleged conversion of personal property.  Though plaintiff

originally raised thirteen claims in his Complaint, and attempted

on two occasions to add additional claims, only his state law claim

for conversion of property remains.  With respect to this claim,

plaintiff contends that Nationwide took electronic data and

software programs belonging to him when Nationwide reclaimed a

computer that was leased by Thyroff from Nationwide.  Although

plaintiff acknowledges that the defendant owned the computer, he

claims that he kept valuable personal data and software programs on

the computer, and that he was not allowed to retrieve these items

prior to Nationwide's reclamation of the computer. He alleges that

because this information was taken by the defendant, he was unable to engage in a separate business enterprise, and therefore lost significant potential income.

Defendant denies the plaintiff's claims, and now moves for summary judgment on grounds that Thyroff has failed to establish a claim for conversion under New York State law.  Specifically, defendant contends that the plaintiff's claim must fail because: (1) Thyroff failed to make a proper demand for the return of his property; (2) plaintiff does not own the data allegedly converted; and (3) plaintiff cannot establish damages as a result of the alleged conversion.  For the reasons set forth below, I find that because plaintiff failed to make an adequate and timely demand for the return of his property, he has failed to establish a claim of conversion under New York State law.

## BACKGROUND

The facts of this case have been set forth in this court's previous decisions, as well as in the August 21, 2006, Decision and Order of the Second Circuit Court of Appeals.  In summary, for twenty one years, plaintiff Louis Thyroff was an insurance agent associated with the defendant Nationwide Mutual Insurance Company. In September, 2000, Nationwide terminated its relationship with Thyroff, and in doing so, without notice to Thyroff, disabled a computer leased by him from Nationwide, thereby preventing him from accessing any information on the computer, including any personal information he may have stored on the computer.  According to

Thyroff, by disabling the computer, Nationwide prevented him from accessing data and software programs that were his personal property, thereby converting his personal property.

**DISCUSSION**

I.    Defendant's motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."    When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. Scott v. Harris, 550 U.S. 372, ____; 127 S.Ct. 1769, 1776 (2007) .   If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.   Scott, 550 U.S. at ____; 127 S.Ct. at 1776 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986).

II.   Plaintiff has failed to state a Claim for Conversion

A.    Elements of a Conversion Claim under New York Law.

To state a claim for conversion of property under New York law, in cases where the defendant is in lawful possession of disputed property, a plaintiff must establish that: (1) without authorization, (2) the defendant exercised dominion or ownership

over property belonging to another, (3) the plaintiff, as rightful owner of the property, made a demand for the return of the property and (4) the defendant refused plaintiff's demand. <u>Fagan v. First Sec. Invs., Inc.</u>, 2006 WL 2671044 at *3, (S.D.N.Y. Sept. 15, 2006). In cases where the defendant is not in lawful possession of the contested property, no demand for return of the property is required.  <u>Newbro v. Freed</u>, 409 F.Supp.2d 386, (S.D.N.Y., 2006).

In the instant case, the record reveals that the defendant was in lawful possession of the computer leased by Thyroff when it reclaimed the computer.  There is no dispute that at all times relevant to this dispute, Nationwide owned the computer at issue, and plaintiff merely leased the computer pursuant to an agreement with Nationwide.  Because Nationwide was at all times the sole owner of the computer at issue, I find that it was in lawful possession of the computer when it reclaimed the computer from Thyroff's office.

Because Nationwide lawfully possessed the computer at issue, Thyroff must establish that he made a sufficient demand for the return of any personal information he may have stored on the computer. I find, however, that plaintiff has failed to establish this element.

     B.   Plaintiff has failed to establish that he made an <u>adequate demand for the return of his property</u>.

In a conversion case, for the plaintiff to establish that he has made an adequate demand for the return of his property, he must

establish that he made a demand that is "sufficiently definite and complete to apprise the defendant of the specific property claimed."  90 C.J.S. Trover and Conversion § 43.  While there is "no particular formality required in making a demand for the return of property" (18 Am. Jur. 2d Conversion § 76) the demand must "fully apprise the defendant of the plaintiff's claim to the property involved . . . ."  23 N.Y. Jur. 2d Conversion, Etc. § 47. Indeed, the demand for the return of property must be absolute and unequivocal.  Condrey v. SunTrust Bank of Georgia, 429 F.3d 556, 568 (5th Cir. 2005)(finding that under Georgia law, plaintiff must "unequivocaly demand that his property be returned; Commercial Factors Corp v. Parillo, 138 A.2d 324, 325 (R.I. 1958)(finding that a "definite request" for the return of "specific goods" constituted an unequivocal demand for return of property);  18 Am. Jur. 2d Conversion § 76 ("The demand for return of property must be stated in absolute and unequivocal terms, demanding return of the property by a date certain.") In cases where the plaintiff claims that a portion of the goods held by the defendant have been converted, the plaintiff must specify the items or articles he claims belong to him.  18 Am. Jur. 2d Conversion § 76.

In the instant case, the record reveals that plaintiff failed to make a timely, definite request for the return for specific property.  According to the plaintiff, shortly after his agency agreement was terminated, and Nationwide reclaimed its computer, he informed Nationwide that he had "personal information" on the

computer, and requested the return of his personal information. Specifically, in plaintiff's response to an interrogatory asking him to "[i]dentify each and every document or communication related to a demand, whether oral or written, that you made upon Nationwide for the return of [your] property . . . ." Thyroff referred to three documents, each of which revealed that Thyroff requested the return of "personal information" contained on Nationwide's reclaimed computer.  See Response to Interrogatory 8 of Defendant's First Set of Interrogatories.  There is no indication anywhere in the record that Thyroff identified the specific information that he sought when he made these requests for "personal information."  As such, the request for "personal information" that resided on Nationwide's computer was insufficient to apprise Nationwide of what specific property it had allegedly converted, and what specific property plaintiff wanted returned.[1]  See e.g.  Condrey, 429 F.3d at 568 (holding that plaintiff's oral request for the return of "his stuff" was an insufficient demand for the return of his property because it did not allege with specificity the property allegedly converted); Fort Caroline Orchids, Inc. V. Guest, 378 So. 2d 305 (Fla. App.1 Dist., 1979)(request as to when owner of allegedly converted orchids could pick them up did not constitute an unequivocal demand for return of property).  Because

---

[1] Indeed, to this day, the parties dispute what information constitutes "personal information", with plaintiff believing that personal information includes Nationwide Policyholder information that plaintiff copied into his own personal database software.

plaintiff failed to make a demand for the return of specific property, and failed to identify the property he sought, plaintiff has failed to establish that he made the demand required to sustain an action for conversion.   While plaintiff alleges that he specifically identified the property sought in 2005, (five years after this litigation was commenced) such a request, made five years after the alleged conversion of property, is untimely.  See Winland v. Winland, 2005 WL 678563 (Ct. App. Ohio, 7th Dist., March 17, 2005) ("Implicit in making the demand for return of property is that the demand must be made within a reasonable time.")

Because the plaintiff has failed to establish that he made an adequate demand for the return of his property, I find that he has failed to establish a claim for conversion.

### CONCLUSION

For the reasons set forth above, I grant defendant's motion for summary judgment, and dismiss plaintiff's complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

 

 

 
_____
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          February 10, 2009